UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

PARK-OHIO HOLDINGS CORP., *et al*,

Plaintiffs,

vs.

LIBERTY MUTUAL FIRE INSURANCE CO., *et al.*,

Defendants.

CASE NO. 1:15-CV-943

ORDER & OPINION
[Resolving Doc. No. 22]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs object to Defendant Liberty Mutual Fire Insurance Company's ("Liberty") privilege log. Defendant Liberty filed Notice of Service of its first production of discovery documents on July 29, 2015.[1] Liberty filed a privilege log along with that production, claiming protection from discovery for 64 items.[2] Plaintiffs raise four objections to the privilege log that involve 54 of the 64 items in the log.[3] For the following reasons, the Court **SUSTAINS** in part and **OVERRULES** in part Plaintiffs' objections to Defendant Liberty's privilege log and **ORDERS** that Liberty produce those documents that are not protected from discovery.

## I. Procedural History

Plaintiffs sued Defendants, insurance companies, for breach of contract and bad faith denial of claim coverage. The dispute arises from Defendants' allegedly wrongful failure to cover Plaintiffs after several of the washers used in Plaintiffs' machines caused property damage to third parties,

[1] Doc. 20.

[2] Doc. 20-1.

[3] Doc. 22.

causing Plaintiffs to settle in excess of $2 million.[4] Plaintiffs filed a claim for coverage of the settlement price with Defendant Liberty. Liberty denied coverage for the claim on October 11, 2013.[5] Plaintiffs seek a declaratory judgment that coverage existed and damages against Defendants for their alleged failure to cover the claims.[6]

Plaintiffs sent a request for production of documents to Defendant Liberty. Defendant Liberty complied with the request, but redacted portions of 64 of the items in the production.[7] Defendant grounded eleven of these redactions in the attorney-client privilege, forty-nine in the work product doctrine, three in both the attorney-client privilege and the work product doctrine, and one in confidentiality.[8]

Relevant to Plaintiffs' objections, redacted items 1 through 4 are coverage opinions created by outside counsel before Defendant denied coverage. Items 5 through 64 come from Defendant's claim file. Items 6, 46, and 50 contain information about Defendant Liberty's reserves for the claim. Defendant Liberty generated items 1 through 25 before it denied coverage to Plaintiffs; it generated the remainder of the items after denying coverage.[9]

Plaintiffs raise four objections to the redactions and argue that 54 of the 64 documents should

---

[4] Doc. 1-1.

[5] Liberty Produc., LM000368.

[6] Doc. 1-1.

[7] Doc. 20-1.

[8] *Id.*

[9] *Id.*

be fully discoverable.[10] First, Plaintiffs claim that if Defendant Liberty is going to raise an "advice of counsel" defense to Plaintiff's bad faith claim, then Plaintiffs are entitled to discover the letters from Defendants' outside counsel in items 1 through 4 of the log.

Second, Plaintiffs claim they are entitled to discover item 1 and items 5 through 25 because Defendant Liberty generated those documents before it denied coverage. Plaintiffs contend that the timing means that those items are not privileged and do contain work product.

Third, Plaintiffs claim that Liberty generated items 5 through 25, 26 through 32, 34, 36, 37, 39, 41 through 48, 50, 52, 53, 55 through 57, and 60 through 63 in the ordinary course of business, making them discoverable.

Fourth, Plaintiffs claim that they are entitled to discover the reserve information contained in items 6, 46, and 50. The court will address these objections one by one.[11]

**II. Discussion**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."[12] The scope of permissible discovery is therefore broad. However, "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."[13]

Additionally, parties may not compel the disclosure of communications that are protected under the attorney-client privilege, even if the communications are relevant to the litigation. Ohio

---

[10] Doc. 22.

[11] *Id.*

[12] Fed. R. Civ. P. 26(b)(1).

[13] Fed. R. Civ. P. 26(b)(3).

law determines the scope of the privilege, since Ohio law provides the rules of decision in this case.[14/] Ohio courts have held that "[t]here is no material difference between Ohio's attorney-client privilege and the federal attorney-client privilege."[15/] Under Sixth Circuit law

> [t]he elements of the attorney-client privilege are as follows: (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived.[16/]

Applying these rules to Liberty's insurance claims files, the redacted documents in Liberty's claims file are generally relevant to the litigation. Therefore, Plaintiffs' objections succeed unless the redacted documents are protected.

*Objection one: "advice of counsel" defense waives attorney-client privilege.*

Items 1 through 4 in the privilege log are protected under the attorney-client privilege, as they are confidential communications of legal advice between counsel and client. Plaintiffs argue that they are nevertheless entitled to discover items 1 through 4 to the extent that Defendant Liberty plans to use these items to mount an "advice of counsel" defense to Plaintiffs' claim that Defendant denied coverage in bad faith. However, Defendant has not asserted such a defense in any of the pleadings, so this argument loses at this stage of the pleadings. The Court therefore **OVERRULES** Plaintiffs' objection as to items 1 through 4.

*Objection two: items generated prior to denial of coverage are discoverable.*

---

[14/] Fed. R. Evid. 501.

[15/] *MA Equip. Leasing I, L.L.C. v. Tilton*, 980 N.E.2d 1072, 1079–80 (Ohio Ct. App. 2012).

[16/] *Reed v. Baxter*, 134 F.3d 351, 355–56 (6th Cir. 1998).

The investigation strategy and claims notes in times 5 through 25 are relevant to Plaintiffs' claims as they relate to the subject matter of the claims themselves. Defendant Liberty argues that these items are attorney-client privileged communications and represent the work product of the Defendant in anticipation of litigation.

However, under *Boone v. Vanliner Ins. Co.*, "in an action alleging bad faith denial of insurance coverage, the insured is entitled to discover claims file materials containing attorney-client communications related to the issue of coverage that were created prior to the denial of coverage."[17/] Therefore, Ohio law denies attorney-client privilege protection to items 5 through 25, which Defendant Liberty generated before denying coverage to Plaintiffs.

In contrast, the scope of the work product doctrine is defined by federal law, even in diversity actions.[18/] The redacted documents in the claims file were generated by or for Defendant Liberty under Fed. R. Civ. P. 26(b)(3). Plaintiffs argue that these documents were not, however, prepared in anticipation of litigation and are therefore not protected under the work product doctrine.

> To determine whether a document has been prepared "in anticipation of litigation," and is thus protected work product, we ask two questions: (1) whether that document was prepared "because of" a party's subjective anticipation of litigation, as contrasted with ordinary business purpose; and (2) whether that subjective anticipation was objectively reasonable.[19/]

After conducting an *in camera* review of items 5 through 25, the Court finds that these documents were not prepared in anticipation of litigation. Thus, these items are not protected under

---

[17/] Boone v. Vanliner Ins. Co., 744 N.E.2d 154, 158 (Ohio 2001).

[18/] In re Professionals Direct Ins. Co., 578 F.3d 432, 438 (6th Cir. 2009).

[19/] *Id.* at 439.

the work product doctrine. The documents concern the investigation and adjustment of Plaintiffs' claims for coverage. This is a normal part of Liberty's business and does not show that Liberty was anticipating litigation. Anticipating litigation became objectively reasonable when Liberty denied coverage to Plaintiffs, not before. Therefore, the Court **SUSTAINS** Plaintiffs' request for the production of items 5 through 25.

Plaintiffs also argue that they are entitled to discover item 1 under the same objection. However, this coverage opinion, written by outside counsel, is a legal memorandum containing the mental impressions of an attorney and communicated in confidence to the client, Liberty. It is not "claims file material" under the *Boone* exception to attorney-client privilege but is privileged attorney communication. Therefore it is protected from discovery. Thus, the court **OVERRULES** Plaintiffs' objection as to item 1.

*Objection three: documents prepared in the "ordinary course of business" are not protected.*

Plaintiffs argue that they are entitled to discover many of the redacted items in the claims file[20/] because Liberty created these items in the ordinary course of its business, meaning the work product doctrine does not protect these items from discovery. As explained above, this objection is **SUSTAINED** as to items 5 through 25 because these documents form part of Liberty's ordinary course of business, which is to either cover or deny coverage to claims.

However, it was objectively reasonable to anticipate litigation after denying coverage to Plaintiffs. After inspection, the Court finds that after October 11, 2013, Liberty created documents

[20/] This objection covers items 5 through 25, which predate Liberty's denial of coverage on October 11, 2013. It also covers items 26 through 32, 34, 36, 37, 39, 41 through 48, 50, 52, 53, 55 through 57, and 60 through 63, which Liberty generated after denying coverage to Plaintiffs. Doc. 22.

in anticipation of litigation. Therefore, the redacted items that Liberty created after October 11, 2013 and to which Plaintiffs object are work product and are protected from discovery. Accordingly, the Court **OVERRULES** Plaintiffs' objection as to items 26 through 32, 34, 36, 37, 39, 41 through 48, 50, 52, 53, 55 through 57, and 60 through 63.

*Objection four: loss reserve information is discoverable.*

Plaintiffs argue that they are entitled to discover the reserve information in items 6, 46, and 50. Information about the levels of reserve that insurance companies set aside for individual claims is relevant as information about Defendant's valuation of the claims and could demonstrate a lack of good faith regarding settling the claim.[21] Neither the work product doctrine nor the attorney-client privilege protect such information.[22] Therefore, the Court **SUSTAINS** Plaintiffs' objection as to items 6, 46, and 50.

**III. Conclusion**

For the foregoing reasons, this Court **SUSTAINS** in part and **OVERRULES** in part Plaintiffs' objections to Defendant Liberty's privilege log. The Court **ORDERS** Liberty to produce items 5 through 25, 46, and 50.

IT IS SO ORDERED.

Dated: August 25, 2015

s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[21] *Retail Ventures, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2007 WL 3376831, at *4 (S.D. Ohio Nov. 8, 2007).

[22] *See Id.*